# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DERNICK RESOURCES, INC.,** a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 7:07CV5009 |
| **DAVID WILSTEIN,** an individual, and **LEONARD WILSTEIN,** Individually and as Trustee of the Leonard Wilstein Trust, | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the general order of referral on defendants' Motion to Strike plaintiff's claim for attorney's fees (Filing 14). The matter has been fully briefed. For the reasons discussed below, the court finds that the motion should be granted and the claim for attorney's fees stricken.

## BACKGROUND

This action involves an alleged breach of contract. The Complaint alleges that the plaintiff (Dernick) is incorporated under the laws of the State of Delaware, with its principal place of business in Houston, Texas; David Wilstein resides in the State of California; and Leonard Wilstein (both individually and as Trustee) resides in the State of California. Dernick alleges that the defendants (together, Wilsteins) breached a Joint Venture Agreement (JVA) by refusing to assign to Dernick the mineral interests associated with seven natural gas wells located in Cheyenne and Morrill Counties in the State of Nebraska.

Paragraph 23 of the JVA provides that the agreement "shall be governed by the laws of the State of Texas." Dernick's complaint states claims for

- Breach of Contract (Texas law),
- Declaratory Judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201,
- "Quiet Title" pursuant to Neb. Rev. Stat. § 25-21 [sic][1], based on Wilsteins' alleged refusal to execute assignments in favor of Dernick, in breach of the JVA, and
- Conversion (Texas law).

In Part VI of the Complaint, Dernick seeks an award of "attorney's fees pursuant to sections 37.001 *et seq.* and 38.001 *et seq.* of the Texas Civil Practices & Remedies Code." Wilsteins contend the claim for attorney's fees should be stricken because the claim is based on the procedural laws of the State of Texas, which do not apply to actions filed in the District of Nebraska.

Essentially, Dernick contends it should be allowed to assert a Texas state law claim for attorney's fees in this action because Wilsteins asserted and prevailed on their claim for attorney's fees in an action they brought against Dernick in 2003 in Texas state court concerning 16 other wells that were covered by the same JVA. Thus, it is argued, Wilsteins are estopped in this case from challenging the validity of Dernick's claim for attorney's fees under the Texas statutes.

---

[1] The Nebraska statutes governing actions to quiet title are Neb. Rev. Stat. §§ 25-21,112 through 25-21,120 (Reissue 1995 & Cum. Supp. 2006).

**LEGAL ANALYSIS**

The JVA provides that it is generally governed by the law of Texas, but it does not contain a specific provision for the recovery of attorney's fees pursuant to sections 37.001 *et seq*. and 38.001 *et seq*. of the Texas Civil Practices & Remedies Code. Assuming that a prevailing party would be entitled to attorney's fees in this matter under Texas law, the dispositive question is whether a Nebraska court must apply Texas law in resolving the issue. "A district court sitting in diversity must apply the conflict of law rules for the state in which it sits." *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 687 (8th Cir. 2001). In determining whether a choice of law provision in an agreement will be given effect, a federal court sitting in diversity looks to the choice of law principles of the forum state. *AT&T Corp. v. Firmware of Minnesota, Inc.*, Case No. 02-1010, 2004 WL 112632 at *2 (D. Minn., Jan. 20, 2004).

In deciding choice of law questions, Nebraska follows the Restatement (Second) of Conflict of Laws. *Inacom*, 254 F.3d at 687 (citing *Harper v. Silva,* 224 Neb. 645, 399 N.W.2d 826, 828 (1987)). "In contract actions, the Nebraska Supreme Court has specifically adopted the approach set forth in section 188 of the Restatement (Second) of Conflict of Laws." *Bryan Mem'l Hosp. v. Allied Property & Cas. Ins. Co.*, 163 F. Supp. 2d 1059, 1064-64 (D. Neb. 2001) (citing *FDIC v. Nordbrock*, 102 F.3d 335, 338 (8th Cir. 1996), and *Enron Corp. v. Lawyers Title Ins. Corp.*, 940 F.2d 307, 312 (8th Cir. 1991)).

Section 188 of the Restatement (Second) of Conflict of Laws ("Restatement") provides:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.[2]
> (2) In the absence of an effective choice of law by the parties (*see* § 187)[3], the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>     (a)   the place of contracting,
>     (b)   the place of negotiation of the contract,

---

[2]Section 6 of the Restatement provides:
    (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
    (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
- (a) the needs of the interstate and international systems,
- (b) the relevant policies of the forum,
- (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
- (d) the protection of justified expectations,
- (e) the basic policies underlying the particular field of law,
- (f) certainty, predictability and uniformity of result, and
- (g) ease in the determination and application of the law to be applied.

[3]Section 187 provides:
    (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
    (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, *unless* either
        (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
        **(b)** ***application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.***
    (3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.
(Emphasis added).

-4-

>       (c)   the place of performance,
>       (d)   the location of the subject matter of the contract, and
>       (e)   the domicil, residence, nationality, place of incorporation and place of business of the parties.
>   These contacts are to be evaluated according to their relative importance with respect to the particular issue.

"In a diversity case 'where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)).

For example, "[t]he weight of authority is to the effect that a stipulation for attorney's fees, although valid under the law of the jurisdiction in which the contract containing the stipulation was made or was to be performed, cannot be enforced in a jurisdiction under the law of which such a stipulation is invalid." Rossi, 1 *Attorneys' Fees* at § 9:7. Nebraska does not follow the majority rule. Nebraska law allows the recovery of attorney fees and expenses only where such recovery is provided by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees. *Nebraska Nutrients, Inc. v. Shepherd*, 261 Neb. 723, 780, 626 N.W.2d 472, 517 (2001); *see also Lamb Eng'g*, 103 F.3d at 1434.

In this instance, and considering the Restatement factors, I find that Nebraska law has the more significant relationship regarding Dernick's claim for attorney's fees. I further find that the Nebraska precedent denying the right to attorney's fees in contract disputes reflects

a substantial policy of the State of Nebraska. This policy was reiterated by the Nebraska Supreme Court as recently as 2001:

> While more than a century old, the holdings of *Security Co. v. Eyer, supra,* and *Hallam v. Telleren, supra,* that attorney fees are elements of court costs and therefore affect only a remedy have never been abrogated. Indeed, we have followed this principle in other contexts. See, e.g., *Brodersen v. Traders Ins. Co.,* 246 Neb. 688, 523 N.W.2d 24 (1994) (finding attorney fees are costs, not damages)*; Smith v. Fremont Contract Carriers,* 218 Neb. 652, 358 N.W.2d 211 (1984) (holding statutory amendment allowing recovery of attorney fees in workers' compensation cases was procedural in nature)*; Nye-Schneider-Fowler Co. v. Bridges, Hoye & Co.,* 98 Neb. 863, 155 N.W. 235 (1915) (holding attorney fees are costs and relate only to remedy).

*Nebraska Nutrients, Inc. v. Shepherd*, 261 Neb. at 782, 626 N.W.2d at 518.

"In a diversity case, state law generally governs the question whether there is a right to attorney's fees." *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005). It is clear that the Supreme Court of Nebraska considers the allowance of attorney's fees to be a procedural matter. As the court explained in *Nebraska Nutrients*, 261 Neb. at 782, 626 N.W.2d at 518, longstanding Nebraska precedent holds that attorney fees are elements of court costs and affect only a remedy and not a substantive part of the contract itself; therefore, "Nebraska law deems the recovery of attorney fees in the action in which they are incurred to be a procedural issue governed by the law of the forum."

There is no Nebraska statute providing for recovery of attorney fees in a contract action, and no "uniform course of procedure" has been established in that regard. *See, e.g., Lamb Eng'g*, 103 F.3d at 1434, *Nebraska Nutrients*, 261 Neb. at 781, 525 N.W.2d at 517. Even if the JVA had specifically contemplated the right to recover attorney's fees under the

law of Texas, "a contractual provision that in the event of any dispute or litigation involving the contract, the prevailing party shall be entitled to recover all costs of suit, including reasonable attorney fees, is contrary to public policy and void." *GFH Fin. Services. Corp. v. Kirk*, 231 Neb. 557, 567, 437 N.W.2d 453, 459 (1989).

In summary, (1) Nebraska law applies to the issue of attorney's fees, and (2) parties to a contract dispute cannot recover attorney's fees under Nebraska law.

Turning to Dernick's arguments based on estoppel, Dernick's complaint alleges that venue is proper in the District of Nebraska pursuant to 28 U.S.C. § 3191(a)(2).[4] Dernick's equitable arguments are based primarily on the assertion that Dernick was required to file this action in Nebraska, rather than in California (where all the defendants reside), because it is seeking an assignment in real property, *see* Filing 20 at p. 4. Dernick has not cited any authority in support of this assertion; apparently, it has taken the position that this is a "local" action rather than a "transitory" action.

> Today, under federal law, the true distinction between a local action and a transitory action is the distinction between an action *in rem* and one *in personam*. *Raphael J. Musicus, Inc. v. Safeway Stores, Inc.*, 743 F.2d 503, 506 (7th Cir. 1984) (citations omitted). The character of the relief sought is generally determinative. If a plaintiff seeks relief as to the property which requires the court to have jurisdiction over the *res* to grant the relief, then the

---

[4]Section 3191(a) provides:
A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

action is *in rem* and local. However, in a transitory action, the plaintiff seeks relief in the form of a personal judgment against the defendant; thus, the action may be brought before any court having subject matter jurisdiction and *in personam* jurisdiction over the defendant. *Id.* at 506-07.

*Ely v. Smith*, 764 F. Supp. 1413, 1415 (D. Kan. 1991). *See also McAdoo v. Union Nat'l Bank of Little Rock*, 558 F.3d 1313, 1317 (8th Cir. 1977) ("In determining whether the action is transitory or local, regard is to be had to the relief actually sought by the debtor and not to some other relief which he might have sought.")

In its prayer for relief, Dernick requests judgment against the Wilsteins, as follows:

1. a declaration that the Wilsteins are in breach of the JVA and must execute assignments in favor of Dernick for a 25.00% net working interest in any wells covered by the JVA that payout in the future;

2. an Order stating that the Wilsteins have breached the JVA and requiring that the Wilsteins immediately assign in favor of Dernick a 25.00% net working interest in the Seven Wells;

3. actual damages incurred by Dernick through the Wilsteins' breach of the JVA and wrongful collection and marketing of Dernick's natural gas;

4. exemplary damages for the Wilsteins' malicious act of converting the natural gas from the Seven Wells for their own financial gain;

5. prejudgment interest at the maximum rates allowed by law or equity;

6. attorney's fees;

7. such other relief, both general and special, legal and equitable, to which this Honorable Court deems Dernick to be entitled under the facts and circumstances.

Complaint, Filing 1 at p. 9.

Clearly, Dernick seeks relief in the form of a personal judgment against the defendants and this court will not have to exercise jurisdiction over the seven natural gas wells in order to grant the relief requested by Dernick.  The fact that Dernick has characterized one of its claims as a claim for "quiet title" does not transform  this transitory contract dispute into a local action. *Cf. Raphael J. Musicus, Inc. v. Safeway Stores, Inc.*, 743 F.2d 503, 511 (7th Cir. 1984) (although action for breach of lease agreement may have an indirect effect upon lands lying outside the jurisdiction of the district court, the action was transitory in nature and the court was required only to have *in personam* jurisdiction over the defendant); *McAdoo v. Union Nat'l Bank of Little Rock*, 558 F.3d 1313, 1318 (8th Cir. 1977) (suit seeking a declaration that a promissory note secured by a deed of trust covering a shopping center was transitory in nature); *Scow v. Bankers' Fire Ins. Co.*, 109 Neb. 241, 190 N.W. 858, 859 (1922) (action to rescind the purchase of stock and to cancel the notes and mortgages given as security was not a local action, as  the prayer of the petition asked only that the notes and mortgages be canceled and surrendered to the plaintiff).

Dernick was not required to file this action in Nebraska.  An action based on contract, in which the plaintiff seeks a personal judgment which will ultimately affect real property, is considered to be transitory and may be brought in any jurisdiction where there is personal jurisdiction over the defendants. *See Musicu*s, 743 F.2d at 507.  Dernick could have brought this action in California pursuant to 28 U.S.C. § 3191(a)(1), but it chose to file the case in

Nebraska, a jurisdiction in which its claims for attorney's fees are not allowed. Consequently, I find that its equitable arguments are without merit.

## ORDER

**IT IS ORDERED** that defendants' Motion to Strike plaintiff's claim for attorney's fees [14] is granted.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.  **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.**  *See* NECivR 72.2(d).

**DATED September 13, 2007.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**